MICHAEL BASSIRI (SBN:191808)
bassiri@afflictionclothing.com
1799 Apollo Court
Seal Beach, California 90740
Telephone: (562) 598-0299
Facsimile: (562) 598-3824

Attorneys for Defendants Affliction Entertainment
Group, LLC erroneously sued herein as Affliction
Clothing and Affliction Entertainment, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDOR EMELIANENKO, an individual; M-1 NEDERLAND b.v., a Dutch limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>AFFLICTION CLOTHING, a California business entity, form unknown; AFFLICTION ENTERTAINMENT, LLC, a California limited liability company, and DOES 1 through 50, inclusive,<br><br>Defendants, | Case No.: CV09-07865 MMM (MLGx)<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**<br><br>**Date: January 25, 2010<br>Time: 10:00 a.m.<br>Courtroom: 780<br>Judge: Margaret M. Morrow** |

## NOTICE OF MOTION AND MOTION

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on January 25, 2010 at 10:00 a.m., or as soon thereafter as the matter may be heard in the above-entitled Court located at 255 East

Temple Street, Los Angeles California 90012, Defendant Affliction Entertainment Group, LLC, erroneously sued herein as Affliction Clothing (hereinafter "Defendant") will and hereby does, move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss the Complaint against Defendant by Plaintiffs Fedor Emelianenko and M-1 Nederland b.v. (collectively "Plaintiffs") on the grounds that the first through fourth causes of action of the Complaint fail to state a claim against Defendant upon which relief can be granted.

Defendant's motion is based on this Notice of Motion; the attached memorandum of Points and Authorities; the Complaint; all other matters of which the Court may take judicial notice; other papers on file in this action; and such further evidence and arguments as may be presented at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORTIES

### I.  PRELIMINARY STATEMENT

Plaintiffs Fedor Emelianenko and M-1 Nederland b.v. (hereinafter collectively "Plaintiffs") in their complaint (hereinafter "Complaint") claim that Defendants Affliction Clothing and Affliction Entertainment, LLC have breached the contracts that Defendants had with both Mr. Emelianenko and M-1 Nederland. Plaintiffs have sued the two above entities. Mr. Emelianenko entered into the Fight Agreement with Affliction Promotions, Inc. dated April 14, 2008 (hereinafter "Fight Agreement"). M-1 Nederland entered into the Consulting Agreement with Affliction Promotions, Inc. dated April 14, 2008 (hereinafter "Consulting Agreement"). Affliction Promotions, Inc., after executing the agreements, was converted-out to Affliction Promotions, LLC on May 16, 2008. Affliction Promotions, LLC thereafter changed its name to Affliction Entertainment, LLC on May 30, 2008. Thereafter, Affliction Entertainment, LLC assigned all rights and duties under the Fight Agreement and the Consulting Agreement to Affliction Entertainment Group, LLC, a California limited liability company in July 2008. This entity staged and promoted the two fights referenced in Plaintiffs' complaint in which Mr. Emelianenko participated. Affliction Entertainment Group, LLC (hereinafter"Defendant") is hereby responding to the Plaintiffs' Complaint instead of the

erroneously named Affliction Clothing and Affliction Entertainment, LLC, which no longer exists.

Rather than attach the Fight Agreement and the Consulting Agreement (hereinafter collectively the "Agreements") as exhibits to the Complaint, Plaintiffs claim that they could not do so for fear of violating the confidentiality provision in the Agreements. Instead, Plaintiffs claim that they have plead the essential terms of the Agreements in the Complaint. That simply is not the case.

Both the Fight Agreement and the Consulting Agreement contain a term provision that clearly states that the term of each contract is to terminate upon the earlier of one of two events happening. The Agreements are to end on either March 31, 2009 or upon the completion of the third bout. As Plaintiffs' Complaint clearly illustrates, the third bout did not occur prior to the March 31, 2009. It is clear that Plaintiffs have failed to include this language as an essential term of the Agreements in the Complaint because this term establishes that both the Fight Agreement and the Consulting Agreement expired prior to any of the claimed breaches by Defendants.

It is basic contract law that for there to be a breach of a contract, there has to be a contract currently in force between the two parties. In this case, there is no question that the Agreements, on their own terms, expired prior to Defendants' alleged breaches of the Agreements claimed in Plaintiffs' Complaint. Therefore, since the Fight Agreement and the Consulting Agreement had terminated, as a matter of law, there could be no breach of the Agreements by Defendants.

Plaintiffs first and second causes of action are based on Defendants' alleged breaches of the Fight Agreement and their third and fourth causes of action are based on Defendants' alleged breaches of the Consulting Agreement. Since Plaintiffs have failed to show that Defendants breached either of the Agreements, Plaintiffs' first through fourth causes of action should be dismissed in their entirety.

/ / /

/ / /

## II. SUMMARY OF ALLEGATIONS IN COMPLAINT

### A. Plaintiffs' Complaint

Plaintiffs have asserted seven causes of action against Defendants. The causes of action are (1) breach of the Fight Agreement; (2) breached of the implied covenant of good faith and fair dealing – Fight Agreement; (3) breach of the Consulting Agreement; (4) breach of the implied covenant of good faith and fairdealing – Consulting Agreement; (5) breach of the letter agreement; (6) declaratory relief – fight agreement; and (7) declaratory relief – consulting agreement and letter agreement. Plaintiffs have asserted the first through fourth and sixth causes of action against Affliction Entertainment, LLC and the fifth and seventh causes of action against Affliction Clothing.

### B. The Parties

The Complaint states that Plaintiff Fedor Emelianenko is an individual who at all relevant times was a citizen and resident of the country of Russia. Complaint, ¶1. The Complaint alleges that M-1 Nederland is a limited liability company organized and existing under the laws of the Netherlands with its principal place of business in the Netherlands. Complaint, ¶2. The Complaint alleges that Affliction Clothing is a business entity, form unknown, with its principal place of business in the city of Seal Beach, California. Complaint, ¶3. The Complaint alleges that Affliction Entertainment, LLC is a limited liability company organized and existing under the laws of California. Complaint, ¶4.

### C. Defects in Plaintiffs' Causes of Action

Plaintiffs seek redress for Defendants' alleged breach of the Fight Agreement and Consulting Agreement. Plaintiffs, however, filed this action against Defendants without sufficiently alleging the facts necessary to make their claims. In their Complaint, Plaintiffs fail to attach either the Fight Agreement or the Consulting Agreement, claiming that by doing so, they would be breaching the confidentiality provision in those agreements. Plaintiffs then claim that they have set forth the essential terms of each of

the Agreements. The problem with Plaintiffs' claim, however, is that it simply is not true.

Plaintiffs claim that the Fight Agreement would not terminate or expire until completion of the third bout. Complaint, ¶14. This simply is not true. Paragraph 1 of the Fight Agreement provides as follows:

> "Commencing upon Fighter's execution of this Agreement and continuing until the earlier of: (i) March 31, 2009; or (ii) conclusion of the last Bout (as more specifically defined below) in which Fighter is obligated to participate…." (See Declaration of Michael Bassiri, ¶2.)

Thus, the contract expired on March 31, 2009. Plaintiffs allege that Defendants did not breach the Fight Agreement until July 2009, approximately four months after the contract expired pursuant to its terms. Therefore, Defendants cannot be in breach of a contract that is no longer in force.

The same is true for the Consulting Agreement. Paragraph 1 of the Consulting Agreement provides as follows:

> "Commencing upon M-1's execution of this Agreement and continuing until the earlier of: (i) March 31, 2009; or (ii) conclusion of the final Fedor Bout…" (See Declaration of Michael Bassiri, ¶3.)

Thus, the Consulting Agreement also expired prior to the alleged breach by Defendants. Therefore, Defendants cannot be in breach of an agreement that is no longer in force.

**III.   ARGUMENT**

**A.   Dismissal Is Appropriate Where Plaintiff Has Failed to State a Legally Cognizable Claim**

Dismissal of a complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is warranted when the plaintiff fails to state a legally cognizable claim or can prove no set of facts in support of a claim which would entitle the plaintiff to relief. *Balistreri v. Pacifica Police Dept.*, 901 F. 2d 696, 699 (9th Cir. 1990); accord, *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "When the

court acts on a defendant's motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all material allegations in the [complaint], as well as reasonable inferences to be drawn from them." *Quon v. Arch Wireless Operating Co., Inc.*, 309 F. Supp. 2d 1204, 1205, n.1 (C.D. Cal. 2004) (citing *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998)). However, allegations that are merely conclusory, or that are unwarranted deductions of fact or unreasonable inferences, need not be assumed to be true, and are insufficient to withstand a motion to dismiss even under liberal pleading standards. *See McGlinchy v. Shell Chemical Co.*, 845 F. 2d 802, 810 (9th Cir. 1988); *Epstein v. Wash Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996).

**B.  The Court May Consider the Fight Agreement and Consulting Agreement As Part of the Motion to Dismiss**

Plaintiffs have failed to attach either the Fight Agreement or the Consulting Agreement to the Complaint. However, Plaintiffs reference numerous provisions from each of the Agreements. While a plaintiff is under no obligation to attach to its complaint documents upon which its action is based, a defendant may introduce certain pertinent documents if the plaintiff failed to do so. *Romani v. Shearson Lehman Hutton*, 929 F.2d 875, 879 n.3 (1st Cir. 1991) (quoting 5 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1327, at 762-63 (2d ed.1990)). Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to its claim. *See Ed Miniat, Inc. v. Globe Life Ins. Group, Inc.*, 805 F.2d 732, 739 n. 12 (7th Cir. 1986).

Plaintiffs' claims are based entirely on Defendants' alleged breaches of the Agreements. As such, the Agreements are central to Plaintiffs' claims. The Court may therefore properly consider the Fight Agreement and the Consulting Agreement as part of Defendants' motion to dismiss. *See Venture Associates Corp. v. Zenith Data Systems Corp.*, 987 F. 2d 429 (7th Cir. 1993) (court did not err in refusing to exclude documents attached to defendant's motion to dismiss; defendant attached documents which were referred to in plaintiff's complaint, and documents were central to plaintiff's claim, as

they constituted core of parties' contractual relationship); *See also Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244 (7th Cir. 1994) (court properly considered agreement's contents without converting motion to dismiss to motion for summary judgment where employee repeatedly quoted from and referred to agreement in his complaint).

Accordingly, Defendants have attached the Fight Agreement and the Consulting Agreement as exhibits to the declaration of Michael Bassiri, filed concurrently herewith. Therefore, the court should consider the Fight Agreement and the Consulting Agreement to be a part of Plaintiffs' pleadings.

**C.     Plaintiffs' Failed to State a Claim for Relief Against Defendants for Breach of Contract or Breach of the Implied Covenant of Good Faith and Fair Dealing**

The statement of a cause of action for breach of contract requires a pleading of the following: (1) the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damage to plaintiff. *Roth v. Malson*, 67 Cal. App. 4th 552, 557, 79 Cal. Rptr. 2d 226 (1998). Generally a contract remains in force until it has been terminated, either according to its terms or through the acts of the parties evidencing an abandonment. *Busch v. Globe Industries*, 200 Cal. App. 2d 315, 19 Cal. Rptr. 441(1962)  Further, there can be no actual breach of a contract until the time specified in the contract for performance has arrived. *Taylor v. Johnston*, 15 Cal. 3d 130, 123 Cal. Rptr. 641 (1975).

Under a contract giving a party an option to terminate, that party is not liable after termination for further transactions under the contract. However, obligations that have already accrued are not affected. *Merrill v. Continental Assur. Co.*, 200 Cal. App. 2d 663, 670, 19 Cal. Rptr. 432 (1962). Similarly, a party who has given notice of termination because of the other party's breach may proceed to present a claim for damages by reason of the breach up to the time of termination. *B. L. Metcalf General Contractor, Inc. v. Earl Erne Inc.*, 212 Cal. App.2d 689, 28 Cal. Rptr. 382 (1963). Further, parties to a contract may provide therein for their respective rights and liabilities

in the event of the termination thereof. *Merrill*, 200 Cal. App. 2d at 670.

As discussed above, since the Fight Agreement and the Consulting Agreement should be considered to be part of the Plaintiffs' Complaint, the Complaint fails to state a claim upon which relief can be granted. Contrary to Plaintiffs' allegations, the Fight Agreement and the Consulting Agreement provide that the agreements were to terminate on March 31, 2009, not at the end of the third bout as Plaintiffs' allege. In the Agreements, Plaintiffs and Defendants decided that the Agreements would terminate upon the occurrence of the earlier of one of two events: either on March 31, 2009 or after the third bout was completed.

For purposes of a motion to dismiss for failure to state claim on which relief can be granted, if allegations of complaint are contradicted by documents made part of complaint, the document controls and the court need not accept as true allegations of the complaint. *Sazerac Co., Inc. v. Falk*, 861 F. Supp. 253 (S.D.N.Y. 1994); *See also Informix Software, Inc. v. Oracle Corp.*, 927 F. Supp. 1283 (N.D. Cal. 1996). Clearly, Plaintiffs' allegations in the Complaint that the Agreements would not expire until after the third bout directly contradicts the express terms of the Agreements. Therefore, the court should disregard the Plaintiffs' allegations and rely on the language in the actual Agreements.

Plaintiffs' allege that Defendants did not breach the Fight Agreement and the Consulting Agreement until July 2009. However, both of the Agreements expired pursuant to their terms on March 31, 2009. Plaintiffs have not alleged that either of the Agreements was amended to extend the term of the contract to include the time period where Defendants are alleged to have breached the Agreements. Therefore, at the time of the alleged breach, both the Fight Agreement and the Consulting Agreement had terminated pursuant to their terms.

The law is clear that a party is not liable to the other party if the contract has terminated. *See Merrill*, 200 Cal. App. 2d at 663, 670. Since the Fight Agreement and the Consulting Agreement were no longer in force at the time of the alleged breach by

Defendants, Defendants cannot be liable to Plaintiffs for a breach of the Agreements. Therefore, Plaintiffs have failed to state a claim upon which relief may be granted.

### IV.  CONCLUSION

For the reasons set forth above, this Court should dismiss all claims for relief against Defendants for breach of contract and breach of the implied covenant of good faith and fair dealing contained in Plaintiffs' first through fourth causes of action, with prejudice, for Plaintiffs' failure to state a claim upon which relief can be granted.

Dated: November 6, 2009

*/s/ Michael Bassiri*

MICHAEL BASSIRI

1799 Apollo Court
Seal Beach, California 90740
Telephone: (562) 598-0299
(562) 598-3824 (fax)

Attorneys for Defendants

## **CERTIFICATE OF CONFERENCE**

This motion is made following the conference of counsel pursuant to Local Rule 7-3 which took place on Friday, November 6, 2009 via telephone.

CERTIFICATE OF SERVICE

I hereby certify that on November 6, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on November 6, 2009.

        s/ MICHAEL BASSIRI
        MICHAEL BASSIRI
        1799 Apollo Court
        Seal Beach, Calfornia 90740
        E-mail: Bassiri@afflictionclothing.com

**Mailing Information for a Case 2:09-cv-07865-MMM-MLG**

**Electronic Mail Notice List**

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michelle L Carder**
  mcarder@hinessmith.com,lpires@hinessmith.com
- **Christine Marie Emanuelson**
  cmclaughlin@hinessmith.com
- **Marc S Hines**
  mhines@hinessmith.com,lpires@hinessmith.com

**Manual Notice List**

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`