# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 09-07865-MMM (MLGx) | Date | January 12, 2010 |

| | |
|---|---|
| Title | *Fedor Emelianenko et al. v. Affliction Clothing et al.* |

| | |
|---|---|
| Present: The Honorable | MARGARET M. MORROW |

| ANEL HUERTA | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** **Order to Show Cause Why Action Should Not be Remanded for Lack of Subject Matter Jurisdiction**.

On October 28, 2009, plaintiffs Fedor Emelianenko and M-1 Nederland filed a complaint against defendants Affliction Clothing and Affliction Entertainment LLC. Plaintiffs' complaint alleges various claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief.

Plaintiffs allege that the amount in controversy exceeds $75,000, and asserts that the matter falls within the court's diversity jurisdiction under 28 U.S.C. § 1332. They assert that plaintiff Emelianenko is a Russian citizen and that M-1 Nederland is a limited liability company organized and existing under the laws of the Netherlands and with its principal place of business in the Netherlands. They further allege that Affliction Clothing is a business entity, form and place of formation unknown, with its principal place of business in California and that Affliction Entertainment, LLC is a limited liability company organized and existing under the laws of California and having its principal place of business in the City of Seal Beach, California. Plaintiffs allege the names of the owners of M-1 Nederland, Affliction Clothing, and Affliction Entertainment, LLC but do not allege the citizenship of the owners.

### A. Standard Governing Diversity Jurisdiction

Federal courts have subject matter jurisdiction over suits between citizens of different states where the matter in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a

citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001). Federal courts also have jurisdiction over an action between "citizens of a State and citizens or subjects of a foreign state," 28 U.S.C. § 1332(a)(2), although "diversity jurisdiction does not encompass a foreign plaintiff suing foreign defendants," *Nike, Inc. v. Comercial Iberica de Exclusivas Deportivas, S.A.*, 20 F.3d 987, 991 (9th Cir. 1994).

The Ninth Circuit treats limited liability corporations like partnerships for purposes of diversity jurisdiction. See *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (applying the standard used by sister circuits treating LLCs like partnerships). Thus, "an LLC is a citizen of every state of which its owners/members are citizens." *Id.*; see also *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co*, 299 F.3d 643, 652 (7th Cir. 2002) (explaining that "the relevant citizenship [of an LLC] for diversity purposes is that of the members, not of the company"); *Handelsman v. Bedford Village Assocs., Ltd Partnership*, 213 F.3d 48, 51-52 (2d Cir. 2000) (recognizing that "a limited liability company has the citizenship of its membership"); *Intec USA, LLC v. Engle*, 467 F.3d 1038, 1041 (7th Cir. 2006) (holding that where one member of plaintiff LLC was citizen of New Zealand and defendant was New Zealand citizen, compete diversity was lacking).

### B.     Whether Plaintiff Has Established That the Court Has Jurisdiction

The complaint states that "M-1 Nederland is and, at all relevant times was, a limited liability company duly organized and existing under the laws of the Netherlands and with its principal place of business in the Netherlands." It also pleads the names of the "owners and principals" of M-1 Nederland.[1] The complaint further alleges that "Affliction Clothing is a business entity, form and place of formation unknown, with its principal place of business in the State of California, City of Seal Beach," and pleads the names of all "owners, officers, directors, and principals."[2] Finally, the complaint asserts that Affliction Entertainment, LLC "is a limited liability company organized and existing under the laws of the State of California and having its principal place of business in the State of California, City of Seal Beach." The names of the all "owners, officers, directors, and principals" of Affliction Entertainment are pleaded as well.[3] The complaint does not allege the citizenship of the individual members of the three entities. As a result, the court is unable to determine whether there is complete diversity of citizenship between plaintiffs and defendants.

For this reason, the court directs plaintiffs to show cause, on or before **Tuesday, January 19, 2010**, why it should not dismiss this action for lack of subject matter jurisdiction. Plaintiffs must demonstrate that there is complete diversity between all plaintiffs and all defendants.

---

[1] Complaint, ¶ 2.

[2] *Id.*, ¶ 3.

[3] *Id.*, ¶ 4.