Marc S. Hines (SBN140065)
mhines@hinessmith.com
Michelle L. Carder (SBN 174481)
mcarder@hinessmith.com
Christine M. Emanuelson (SBN 221269)
cemanuelson@hinessmith.com
HINES SMITH CARDER LEASURE DINCEL
3080 Bristol Street, Suite 540
Costa Mesa, California 92626
Tel.: (714) 513-1122
Fax: (714) 513-1123

Attorneys for Plaintiffs, FEDOR EMELIANENKO and M-1 NEDERLAND b.v.

Steven A. Silverstein, Bar No. 64610
Mark W. Huston, Bar No. 119872
Robert I. Cohen, Bar No. 168686
Law Offices of SILVERSTEIN & HUSTON
701 South Parker Street, Suite 5500
Orange, CA 92868
Tel. (714) 547-2511
Fax (714) 547-0230
silverstein@silversteinhuston.com

Attorneys for Defendants, AFFLICTION CLOTHING and AFFLICTION ENTERTAINMENT, LLC, erroneously sued as AFFLICTION ENTERTAINMENT, LLC

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDOR EMELIANENKO, an individual; M-1 NEDERLAND b.v., a Dutch limited liability company,<br><br>    Plaintiffs,<br>v.<br><br>AFFLICTION CLOTHING, a California business entity, form unknown; AFFLICTION ENTERTAINMENT, LLC, a California limited liability company; and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.: CV09-07865 MMM (MLGx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br><br>Complaint Filed: October 28, 2009<br>Trial Date: None Set |

1

| | |
|---|---|
| 1 | WHEREAS, the parties in this action are participants, as either fighters, promoters, |
| 2 | advertisers, marketers, sponsors or the like, in the highly competitive business of mixed martial |
| 3 | arts (MMA); |
| 4 | WHEREAS, in the course of pre-trial discovery relating to issues of interpretation and |
| 5 | enforceability of the parties' agreements, custom and practice, course of performance and trade |
| 6 | usage, disclosure has been sought of corporate, marketing, personnel, financial and other |
| 7 | business information and communications that contains highly confidential, trade secret, or |
| 8 | proprietary information and communications of the parties or non-parties, which said parties or |
| 9 | non-parties have taken reasonable steps to maintain as confidential prior to this litigation. |
| 10 | WHEREAS, the parties agree that the disclosures requested by the parties during |
| 11 | discovery in this case contain confidential proprietary information that in many cases are |
| 12 | protected by trade-secrets and that the parties believe would substantially injure the disclosing |
| 13 | party and provide a significant competitive advantage for competitors of the parties, if such |
| 14 | competitors, including non-disclosing parties to this litigation, had access to the confidential |
| 15 | proprietary information; |
| 16 | WHEREAS, the parties seek to expedite the flow of pre-trial discovery materials, protect |
| 17 | the confidentiality of the trade secret and proprietary technical, marketing, personnel, financial |
| 18 | and other highly confidential business information contained in the documents, ensure that |
| 19 | protection is afforded only to materials so entitled, facilitate the prompt resolution of disputes |
| 20 | over confidentiality, and eliminate the need for repeated requests that the Court became directly |
| 21 | involved in the discovery process; and |
| 22 | WHEREAS counsel for all parties herein have consented to entry of this Order; |
| 23 | IT IS HEREBY ORDERED: |
| 24 | 1. (a) As used in this Order, the term "Discovery Material" may encompass all |
| 25 | information contained in documents, things, computer data and reports, deposition testimony |
| 26 | and exhibits, interrogatory answers, responses to requests for admission, pleadings, motions, |
| 27 | briefs, affidavits, and any other written, recorded, computerized electronic, transcribed or |
| 28 | graphic matter produced by any party or obtained by any party during discover in this, and any |

1 copies thereof.

2     (b) "Party" means any party to this action, including all of its officers, directors, employees, consultants, retained experts, outside counsel and the support staff of these respective groups.

    (c) "Producing Party" and "Designating Party" means any person who provides Discovery Material whether or not a party to this action.

    (d) "Receiving Party" means a Party who receives Discovery Materials from a Producing Party.

    (e) "Action" means *Fedor Emelianenko and M-1 Nederland b.v. v. Affliction Clothing and Affliction Entertainment, LLC,* Case No. CV09-07865 MMM (MLGx), pending in the United States District Court for the Central District of California.

    (f) "Confidential Designations" means all "Confidential" and "Attorney Eyes Only" designations.

    (g) "Protected Material" means any Discovery Material that is or will be designated as "Confidential" or "Attorney Eyes Only".

    (h) "Outside trial counsel" means attorneys of record in this action.

2. This Order shall apply to Discovery Material that has been designated "Confidential" and "Attorney Eyes Only" pursuant to this Order.

## DESIGNATION OF DISCOVERY MATERIALS

3. Any party or nonparty who in good faith believes that Discovery Material warrants protection under this Stipulated Protective Order may designate that material as "Confidential" or "Attorneys' Eyes Only" in the manner set forth in Paragraphs 4 and 5, infra.

4. A party shall use the designation "Confidential" only with respect to nonpublic Discovery Materials that the party reasonably and in good faith believes are confidential, proprietary, or which contain or constitute one or more trade secrets.

5. A party shall use the designation "Attorneys' Eyes Only" only with respect to Discovery Materials that the party reasonably and in good faith believes qualify as "Confidential" under the terms of this Order, and contain completely sensitive business or

3

technical information.

**PERSONS TO WHOM DESIGNATED MATERIALS MAY BE DISCLOSED**

6. Basic Principles: A Receiving Party may use Protected Material only for prosecuting, defending or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. Protected Material must be stored and maintained by a receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Discovery Material designated "Confidential" may be inspected and disclosed only to the following persons, and may be used by such persons solely for the purposed of this Action and for no other business or other purposes whatsoever:

(a) officers, directors, or employees of the party who are responsible for instructing and/or assisting counsel in the prosecution or defense of this action, provided that such persons shall be given a copy of this Order, advised that they are bound by it, and sign Exhibit A;

(b) outside trial counsel for the parties in this action;

(c) employees of such counsel engaged in assisting counsel in the preparation of this action, including secretaries, paralegals, and legal assistants;

(d) court officials involved in the action, including court reporters and persons operating video recording equipment at depositions;

(e) professional vendors (defined as persons or entities that provide litigation support services, including court reporting, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, and their employees and subcontractors);

(f) the author of the document or the original source of the information; and

(g) independent contractors, outside consultants, and experts and their staff consulted or retained by a party or by counsel for a party for the purpose of assisting in the prosecution or defense of the action, provided that such persons shall be given a copy of this

4

Order, advised that they are bound by it, and sign Exhibit A.

8. Discovery Materials designated "Attorneys' Eyes Only" shall be deemed require the highest degree of confidentiality and may be disclosed only to:

(a) outside trial counsel for the parties in this action;

(b) employees of such counsel engaged in assisting counsel in the preparation of this action, including secretaries, paralegals, and legal assistants;

(c) experts (1) to whom disclosure is reasonably necessary for this litigation; (2) who have signed the "Acknowledgment to be Bound" (Exhibit A, hereto); and (3) as to whom the procedures set forth in paragraph 9, below, have been followed, and to the support staff of said experts to whom it is reasonably necessary to disclose the information for litigation;

(d) court officials involved in the action, including court reporters and persons operating video recording equipment at depositions;

(e) professional vendors to whom disclosure is reasonably necessary for this litigation; and

(f) the author of the document or the original source of the information.

9. Procedures for Approving Disclosure of "Attorneys Eyes Only" Information or Items to Experts:

(a) Unless otherwise ordered by the Court or agree to in writing by the Designating Party, a party who seeks to disclose to an expert any information or item that has been designated "Attorneys Eyes Only" first must make a written request to the attorneys for the Designating Party that: (1) provides a copy of the "Acknowledgement and Agreement to be Bound" by this Stipulated Protective Order signed by the expert; (2) sets forth the full name of the expert and the city and state of his or her primary residence; (3) attaches a copy of the expert's current resume; (4) identifies the expert's current employer(s); and (5) identifies (by name and number of the case, filing date, and location of court) a listing of any cases in which the witness has testified as an expert at trial or by deposition or written report within the preceding five years.

(b) A party who makes a request and provides the information specified in the

preceding paragraph may disclose the subject Protected Material to the identified expert unless, within ten (10) calendar days from the service of said notice, the party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) When a designating party objects to disclosure under this paragraph, the party seeking to make the disclosure must move for leave of Court to make the disclosure and may not make such disclosure without an order of the Court authorizing the disclosure. In the event of an objection, the party objecting to disclosure shall bear the burden to show that disclosure should not be allowed. The requirement of pre-disclosure notice shall not apply to litigation consultants – such as trial consultants, graphics firms, and the like – who are retained to support outside counsel and who are not engaged in the business of designing or manufacturing surveillance systems.

(d) In the event a party is required to seek an order authorizing disclosure pursuant to Paragraph 9(c) and is successful in obtaining such order, the moving party shall be entitled to reasonable attorneys' fees incurred in connection with the motion if the Court finds the opposing party's objection was not made in good faith.

**MANNER OF DESIGNATING MATERIALS AND TESTIMONY**

10. Any producing party may designate Discovery Material as "Confidential" or "Attorneys' Eyes Only" by affixing in a conspicuous place the legend "Confidential" or "Attorneys' Eyes Only" on any Discovery Material that it in good faith believes contains information specified in Paragraphs 4 and 5 above. Such designation shall, to the extent possible, be made at the time the Discovery Materials are produced. If, however, a producing party determines that Discovery Material containing information specified in Paragraphs 4-5 above has inadvertently been produced previously without a "Confidential" of "Attorneys' Eyes Only" designation, that producing party may so designate such information for going-forward purposes by providing properly marked copies of the materials to all other parties with instructions that such other parties shall either destroy or return all copies of the previously produced but undesignated materials they may have. In the event that Discovery Material has

1 been distributed in a manner inconsistent with the designation, the Receiving Party will take the
2 steps necessary to conform distribution to the Confidential Designation, including retrieving all
3 copies of the Protected Materials, or notes or extracts thereof, from persons under the control of
4 the Receiving Party who is not authorized to possess such Protected Material. In the event
5 distribution has occurred to a person not under the control of the Receiving Party, a request for
6 return of the document, and for an undertaking of confidentiality, shall be made. In the event
7 such documents are not promptly returned, the Receiving Party shall promptly notify the
8 Producing Party of the distribution and shall include in the notification the identity of the person
9 that received such Protected Material.

10       11. Counsel for any producing party may designate so much of any transcript of any
11 deposition as "Attorneys' Eyes Only" or "Confidential" as contains the types of information
12 specified in Paragraphs 4-5 above by making a statement on the record during the course of the
13 deposition or by giving written notice with thirty (30) days of receipt of the transcript of the
14 deposition to the court reporter and all other parties. Until such time as the time period for
15 making designations passes, all parties shall treat the deposition transcript as "Confidential."

16       12. To the extent deposition testimony, other pretrial testimony or statements are
17 designated as "Confidential" or "Attorneys' Eyes Only" pursuant to Paragraphs 3-5 above, and
18 to the extent Discovery Material designated "Confidential" or "Attorneys' Eyes Only" is
19 disclosed, or otherwise communicated to a person in a deposition, the court reporter shall affix
20 the appropriate legend on the face of the transcript and shall indicate in a prominent place the
21 specific transcript pages and/or exhibits that have been designated "Confidential" or
22 "Attorneys' Eyes Only."

23       13. A deponent shall not be permitted to retain copies of materials labeled
24 "Confidential" or "Attorneys' Eyes Only" unless the deponent is otherwise entitled to receive
25 and retain such copies under the terms of this Order. A deponent's counsel shall not be
26 permitted to retain any copies "Confidential" or "Attorneys' Eyes Only" Discovery Material
27 unless such counsel represents one of the parties in this action or is otherwise entitled to receive
28 and retain such copies under the terms of this Order. Nothing in this paragraph shall prevent a

1  deponent or a deponent's counsel from having reasonable access to the deponent's deposition
2  and exhibits marked or used therein for purposes of reviewing and signing the deposition,
3  preparing to testify further in the action, or for other purposes specially agreed to by the parties.
4        14.    At any deposition session, when counsel for a party believes that a question or
5  answer will result in the disclosure of information with respect to his or her client that may
6  legitimately be designated as "Confidential" or "Attorneys' Eyes Only" pursuant to the
7  provisions of Paragraphs 4-5 above, counsel, at his or her option, may request that all persons
8  except the deponent, reporter, counsel for the parties, counsel for the deponent, and other
9  individuals authorized to receive disclosure, leave the deposition room during the portion of the
10 deposition that counsel believes will result in the disclosure of confidential information. The
11 failure of any person other than the deponent, reporter, counsel (including counsel for the
12 deponent), and other individuals authorized to receive disclosure to comply with a request of
13 this type shall constitute substantial justification for the objecting counsel to require that the
14 question be withdrawn pending application to the Court for an appropriate protective order.
15       15.    Producing parties may designate Discovery Material produced in the form of
16 electronic media, such as computer disks and tapes as "Confidential" or "Attorneys' Eyes Only"
17 in accordance with the provisions of this Order. Any hard copies generated from electronic
18 media designated as "Confidential" or "Attorneys' Eyes Only" shall be treated in the same way
19 they would be treated under this Order if they originally were produced in hard copy. All
20 persons who use or review the designated electronic media or hard copies thereof shall be
21 instructed to comply with the provision of this Order. Any party printing hard copies from
22 electronic media and using those hard copies outside the party's own offices shall mark the hard
23 copies as "Confidential" and/or "Attorneys' Eyes Only."
24       16.    A party who makes Discovery Materials available for inspection need not
25 designate them for protection until after the inspecting Party has indicated which materials it
26 would like copied and produced. During the inspection and before the designation, all of the
27 material made available for inspection shall be considered designated as "Attorneys' Eyes
28 Only." After the inspecting Party has identified the documents it wants copied and produced,

the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order and then, before producing the specified documents, must affix the appropriate Confidential Designation.

## OBJECTION TO DESIGNATION

17. If any party objects to a party's or nonparty's designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only," based upon a good faith belief that the Discovery Material is not entitled to such protection, counsel for the objecting person shall state the objection by letter to counsel for the designating party or nonparty. Upon receipt of the letter containing such objection, counsel for the party that designated such Discovery Material shall have ten (10) calendar days to confer with counsel for the objecting party and respond to the request and objections. If, at the end of the ten-day period, the objecting and designating parties are unable to agree on the propriety of the objected-to designation(s), the parties may resort to the procedures in Local Rule 37 for resolving discovery disputes. Any Discovery Material that has been designated "Confidential" or "Attorneys' Eyes Only" shall be treated as if properly designated until such time as the Court rules that such discovery should not be so treated.

18. Only "Agreements to be bound by the Protective Order" (Exhibit A, attached hereto) executed by consultants and non-testifying experts of the parties to this litigation shall be deemed the work product of counsel obtaining them and shall not be disclosed unless so ordered by the Court. To the extent any documents containing "Confidential" or "Attorneys' Eyes Only" Discovery Material is to be filed or lodged with the Court during this action, the party seeking to lodge or file any such documents must comply with Civil Local Rule 79-5.

## SCOPE OF ORDER

19. Nothing herein shall be construed to affect in any way the admissibility of any evidence at trial in any pretrial hearing or other proceedings.

20. Nothing herein shall preclude any party from asserting, if applicable, the attorney-client privilege, a claim of work product protection, or any other applicable privilege or protection as to any Discovery Material the production of which is sought by any other party, or to assert any defense or objection to the use of such information at trial.

21. The protections conferred by this Stipulated Protective Order cover not only Protected Material (as defined above), but also extend to any information copied, extracted, or specifically learned from Protected Material, as well as all copies, excerpts, summaries or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel, in any setting, that might reveal Protected Material. However, nothing in this Order shall prevent or restrict counsel from rendering legal advice to the named parties or any other parties which counsel may represent with respect to this action and, in the course thereof, referring or relying generally on counsel's examination of Discovery Material which disclosure shall be contrary to the terms of this Order.

## **REVOCATION OF CONFIDENTIAL STATUS**

22. Any party or nonparty that has designated any Discovery Material as "Confidential" or "Attorneys' Eyes Only" pursuant to this Order may consent that the confidential status of such Discovery Material be removed or revoke such designation by so notifying counsel for all other parties in writing or by so stating designation by so stating on the record at any hearing or deposition, provided that any such revocation shall not prejudice or otherwise affect the right any other party may have to designate the same Discovery Material as confidential or attorneys' eyes only.

23. If any designation of Discovery Material as "Confidential" or "Attorneys' Eyes Only" is withdrawn voluntarily or by Order of this Court, all other parties to the action shall be notified of such change.

## **INADVERTENT WAIVER**

24. The inadvertent production of any privileged or attorney-work product Discovery Material by any party shall be without prejudice to any subsequent claim by the producing party that such Discovery Material is privileged or attorney-work product and shall not by deemed a waiver of any such privilege or protection. If, after Discovery Materials are disclosed, a producing party notifies all receiving parties of a claim that materials are protected by the attorney-client privilege or work-product doctrine or any other applicable privilege or protection, the receiving party shall not make any use of the contested material and shall return

to the producing party all copies thereof presently in its possession. Nothing in this provision shall be construed to prevent or restrict any party's right to object to the propriety of any other's assertion that materials are properly protected by the attorney-client privilege or work-product doctrine, or any other applicable privilege, or protection.

25. Within ninety (90) days after the conclusion of all proceedings in this action, whether by judgment, settlement, or otherwise, all documents governed by the terms of this Order and all copies such documents not on file with the court shall, upon written request of the producing party, be returned to counsel for the producing party at its expense, or else destroyed. Counsel and any recipient(s) shall provide written notice to the supplier of the confidential information of such return or destruction. Notwithstanding the foregoing, outside counsel for any party are entitled to retain an archival copy of all pleadings, motion papers, transcripts, discovery responses, legal memoranda, correspondence or attorney work product, even if such materials constitute Protected Material. Outside counsel retaining archival copies of materials protected under this Order shall continue to be bound by the terms of this Order at all times subsequent to conclusion of the proceedings.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

26. If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or times designated in this actions as "Confidential" or "Attorneys' Eyes Only", the Receiving Party must so notify the Designating Party in writing immediately, and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party must also immediately inform in writing the litigant who caused the subpoena or order to issue in other litigation that some or all of the material covered by the subpoena or order is the subject of the Protective Order. In addition, the Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of

1 this Protective Order and to afford the Designation Party in this case an opportunity to try to
2 protect its confidentiality interests in the court from which the subpoena or order issued. The
3 Designating Party shall bear the burdens and expenses of seeking protection in that court of its
4 confidential material and nothing in these provisions should be construed as authorizing or
5 encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## **CONTINUING EFFECT AND JURISDICTION;**
## **MODIFICATION OF ORDER**

8   27.   Nothing herein shall prevent any party, or third party, on notice to all parties,
9 from applying to the court for a modification of this Order.

10   28.   This Order shall remain in effect until such time as it is modified, amended, or
11 rescinded by the Court and shall survive the termination of this action. The Court shall have
12 continuing jurisdiction to modify, amend, or rescind this Order notwithstanding the termination
13 of this action.

14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

29. This Order may be signed in counterparts.

DATED: March ___, 2010        HINES SMITH CARDER LEASURE DINCEL

By: _____
Marc S. Hines
Michelle L. Carder
Christine M. Emanuelson
Attorneys for Plaintiffs, FEDOR EMELIANENKO and M-1 NEDERLAND b.v.

DATED: March ___, 2010        SILVERSTEIN & HUSTON

By: _____
Mark W. Huston
Robert I. Cohen
Attorneys for Defendant, AFFLICTION ENTERTAINMENT, LLC, erroneously sued as AFFLICTION CLOTHING and AFFLICTION ENTERTAINMENT, LLC

**SO ORDERED:**

Dated: April 22, _2010___:

*[signature]*

The Honorable Marc L. Goldman
United States Magistrate Judge

13

# EXHIBIT A

I have read and understand the Protective Order entered in the matter of *Fedor Emelianenko and M-1 Nederland b.v. v. Affliction Clothing and Affliction Entertainment, LLC,* Case No. CV09-07865 MMM (MLGx), and agree to be bound by and abide fully with the terms of such Order.  I further understand that failure to abide fully with the terms of such Protective Order may lead to sanctions being imposed by the Court, and submit myself to the Court's jurisdiction for purposes of the enforcement of the Order.

_____
Signature

_____
Name (Printed)

_____
Party Supplying Material

_____
Date